65 So.2d 54 (1953)
AKIN
v.
CITY OF MIAMI et al.
Supreme Court of Florida, Special Division A.
April 28, 1953.
*55 Cushman, Gay & Woodard and Lawrence G. Ropes, Jr., Miami, for appellant.
Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, for appellees.
SEBRING, Justice.
The City of Miami condemned an uncompleted apartment building owned by Florence T. Akin, and thereafter refused to give her a building permit or grant her a reasonable time within which to repair the structure to meet the building requirements of the city. Florence T. Akin thereupon instituted a declaratory judgment suit in the Circuit Court of Dade County seeking a declaration of her rights, an adjudication that the action taken by the city was arbitrary and unlawful, and a money judgment for damages resulting from the unlawful action of the city. At final hearing the trial court granted all relief prayed for except a money judgment, and as to that issue decreed "That the matter of damages, if any, to the plaintiff owner was not litigated and is not determined in this suit, and this decree is without prejudice to the plaintiff to assert claim or sue for damages against the City for withholding of permit for repairs and construction on said property * * *."
The city appealed from this decree and the decree was affirmed by this Court without opinion. See City of Miami v. Aiken, Fla., 44 So.2d 816.
After the mandate went down Florence T. Akin instituted the present proceeding to recover damages under authority of section 87.07, Florida Statutes 1951, F.S.A., which provides that "Further relief based on a declaratory decree, judgment or order may be granted whenever necessary or proper. The application therefor shall be by petition to the circuit court having jurisdiction to grant the relief. If the application be deemed sufficient, the circuit court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory decree, judgment or order, to show cause why further relief should not be granted forthwith."
In the petition filed by Florence T. Akin, the sole issue involved the claim for money damages which had resulted from the city's refusal to grant the building permit and which had not been adjudicated in the declaratory decree affirmed by this Court.
The City of Miami moved to dismiss the petition on the grounds that the petition showed on its face that the claim was barred by the statute of limitations, and, that inasmuch as the granting or withholding of a building permit by a municipality was the exercise of a purely governmental function, the city could not be held liable in a tort action for damages for the wrongful refusal to issue such a permit.
The trial court granted the motion to dismiss the petition upon the grounds asserted, and this appeal followed.
Both parties to this appeal agree that the exercise of the power by a municipality to grant or refuse a building permit or license is a purely governmental function; and with this we agree. See Clinard v. City of Winston-Salem, 173 N.C. 356, 91 S.E. 1039; James v. City of Toledo, 24 Ohio App. 268, 157 N.E. 309. Section 53.37, McQuillin Mun.Corp., 3d Ed.; 63 C.J.S., Municipal Corporations, § 747; 38 Am. Jur., Mun.Corp., Sec. 605. See also Elrod v. City of Daytona Beach, 132 Fla. 24, 180 So. 378, 118 A.L.R. 1049.
While the appellant concedes that the matter of the issuance of a building permit by a municipality is the exercise of a purely governmental function, she contends, nevertheless, that a municipality may be held liable in an action for damages if in the pursuance of this lawful police power the municipality acts in an unlawful or unauthorized manner.
We must reject this contention. In City of Miami v. Bethel, Fla., 65 So.2d 34, and involving the right of a person to recover damages against a municipality for excessive force used by its police officers, it is held that, independent of the civil or criminal liability of the municipal officers personally:
"a municipal corporation is not liable for the tortious acts * * * committed as incident to the exercise of a purely governmental function. * * * `When, by the action of the state, a municipal corporation is charged with the *56 preservation of the peace, and empowered to appoint police boards and other agencies to that end, the corporation pro tanto is charged with governmental functions in the public interest and for public purposes, and in the exercise of its powers and duties in respect of the enactment and enforcement of police regulations it is entitled to the same immunity as the sovereign granting the power unless such liability is expressly declared by the sovereign. * * *'"
As is indicated in the opinion, while the common law rule which gives immunity to a municipality for the torts of its agents or servants engaged in the exercise of a purely governmental function may appear, in particular cases, to work hardships upon individuals injured by the overzealous activities of such agents or servants, the responsibility for any alteration or abrogation of this doctrine must rest with the legislative, not with the judicial, branch of the government.
The conclusion reached makes it unnecessary for us to determine the issue whether the claim of the appellant is barred by the statute of limitations. In this connection, however, it may be pertinent to observe that inasmuch as the defense of the statute of limitations is a personal defense that may be asserted or waived by a defendant in an action, the proper method of raising the defense to claims at law is by answer and not by a motion which has the practical effect of placing upon a plaintiff the burden of anticipating the defense and of meeting or overcoming it in the initial pleading.
"This Court has long been committed to the doctrine that the statute of limitations is an affirmative defense and must be pleaded. It cannot be taken advantage of by a motion to dismiss. In our most recent case of Tuggle v. Maddox, Fla., 60 So.2d 158, 159, this Court, in an opinion by Mr. Justice Thomas, said: `* * * it is specifically provided that the statute of limitations, when relied upon as a defense, shall be set forth affirmatively. Rule 9(d). This method was purposely adopted to obviate the necessity of the initial pleader's setting forth that the statute had been waived or tolled and to dispel any existing uncertainty in the law on the subject. If the statute is affirmatively pleaded and such waiver or tolling is considered by the plaintiff to have counteracted its effect he may present the matter by a reply under rule 8(a) * * *.'" Proctor v. Schomberg, Fla., 63 So.2d 68, 70.
The judgment appealed from should be affirmed and it is so ordered.
TERRELL, Acting Chief Justice, and MATHEWS and BARNS, JJ., concur.