DAYTON, Associate Judge.
In 1954 a newly organized Woodman of the World Camp, appellants here, filed suit for the cancellation of a certain deed executed in 1923. Appellees who were defendants below, moved to dismiss the complaint on the ground that same showed on its face that it was barred by laches. Upon denial of this motion, defendants filed their answer which failed to assert laches as a ground of defense. Plaintiffs moved for summary judgment, which was denied. Testimony was taken before an examiner appointed by the Court and at the conclusion of oral argument, the Chancellor .rendered a final decree holding that:
“Having allowed the deed to stand unchallenged, however, from 1923 until institution of this suit in 1955, a period of nearly 32 years, the plaintiffs’ action is now barred by the terms of the 20 year statute of repose; namely, 95.23 F.S.A.
“Nothing has been shown that would relieve the association from the operation of that statute except plaintiffs’ argument that the defendants are not entitled to the advantage thereof because it was not expressly plead in the answer. The point was raised, however, by defendants’ motion to dismiss the complaint and again in argument at final hearing. Under such circumstances the Court cannot disregard the issue but should reconsider the said motion to dismiss the complaint in the light of the entire record as it now stands.”
It is noted that the decree of the Chancellor finds the action brought by plaintiffs to be barred by the 20 year statute of repose, 95.23, F.S.A. The statute was not pleaded affirmatively, although the decree contains a finding by the Chancellor that “the point was raised by defendants’ motion to dismiss the complaint and again in argument at final hearing.”
It is our view that the proper method of asserting the statute of limitations as a defense is by answer and not by motion. Rule 1.8(d) Florida Rules of Civil Procedure, 30 F.S.A., Akin v. City of Miami, Fla., 65 So.2d 54, 37 A.L.R.2d 691.
While we take no exception to the finding of the Chancellor upon the record before him, we feel that the defense of the Statute of Limitations, should be pleaded affirmatively in the answer of defendants. This would afford plaintiffs an opportunity to meet the issue and to offer testimony to offset the application of the Statute.
This cause is, therefore, remanded to the Circuit Court of Alachua County for further proceedings to permit amendment of the answer of defendants by adding the affirmative defense and to permit a traverse of same by plaintiff.
STURGIS, C. J., and WIGGINTON, J., concur.