113 So.2d 431 (1959)
James W. MIDDLETON, Appellant,
v.
CITY OF FORT WALTON BEACH, Florida, a Municipal Corporation of the State of Florida, Appellee.
No. A-472.
District Court of Appeal of Florida. First District.
July 7, 1959.
James W. Middleton, appellant in pro. per.
Stewart, Estergren & Rice, Fort Walton, for appellee.
STURGIS, Judge.
Plaintiff Middleton's suit at law against the defendant City of Fort Walton Beach to recover damages for an alleged intentional tort was dismissed for failure to state a cause of action and he appeals.
The complaint charged, in substance, that plaintiff was arrested by a police officer of the defendant city pursuant to a warrant which, though regular on its face, was void and known to be such by the arresting officer; that contrary to the recitations contained in the warrant for arrest, the complaining witness whose purported affidavit is the basis for its issuance did not in fact appear before or sign it in the presence of the clerk of the municipal court as indicated by his jurat to the affidavit; that said clerk had personal knowledge of facts which he knew would result in acquittal of the offense charged; that in executing the jurat to said affidavit and issuing said warrant the clerk of the municipal court acted falsely and maliciously; that upon the trial of the alleged offense the validity of the affidavit was challenged and the mentioned irregularities admitted by the complaining witness and the clerk, whereupon the warrant was quashed and plaintiff discharged; that the defendant city, acting by its said officers and agents, thereby caused plaintiff to be unlawfully and maliciously deprived of his liberty.
Appellant contends that the doctrine of respondeat superior should be extended to municipal corporations so as to render them liable for the intentional torts of their agents, employees and officers. While citing no authority for this proposition, he insists that the rationale of Hargrove v. Town of Cocoa Beach, Fla., 96 So.2d 130, 133, 60 A.L.R.2d 1193, compels establishment of the doctrine he advocates, but we do not think so.
The Hargrove case simply held the municipality liable for a negligent tort committed by a police officer within the scope of employment, and the opinion carefully *432 protected that concept "against any interpretation that would impose liability on the municipality in the exercise of legislative or judicial, or quasi-legislative or quasi-judicial, functions as illustrated in such cases as Elrod v. City of Daytona Beach, 132 Fla. 24, 180 So. 378, 118 A.L.R. 1049; and Akin v. City of Miami, Fla. 1953, 65 So.2d 54, [37 A.L.R.2d 691]." In the Elrod case an arrest was made pursuant to an ordinance that was thereafter determined to be void. Recovery was denied because the city was exercising a legislative function in adopting the subject ordinance in question. In the Akin case the municipality was held to be immune from damages resulting from the wrongful exercise of a quasi-judicial function.
In Hargrove v. Town of Cocoa Beach, supra, Mr. Justice Thornal, speaking for the court, cited and characterized as being inconsistent with each other a number of decisions of our Supreme Court involving tort actions against municipalities. Among them is City of Tallahassee v. Fortune, 3 Fla. 19, the doctrine of which was reinstated by the decision in the Hargrove case. An analysis of the cited cases reveals that they involved direct injury to the person or damage to tangible personal property as the result of negligence of a municipal employee while acting within the scope of his employment. To emphasize that its decision should not be construed to include a tort of the character involved by the case on appeal, the Supreme Court in the Hargrove case further defined the limits of the rule there established by saying:
"* * * we here merely hold that when an individual suffers a direct, personal injury proximately caused by the negligence of a municipal employee while acting within the scope of his employment, the injured individual is entitled to redress for the wrong done."
Aside from the strict limitation imposed by the above quotation, it is important to note that cases establishing the immunity of a municipality from liability for malicious prosecution (McCain v. Andrews, 139 Fla. 391, 190 So. 616), or for wrongful exercise of legislative functions (Elrod v. City of Daytona Beach, supra), or for wrongful exercise of judicial or quasi-judicial functions (Akin v. City of Miami Beach, supra), were not included in the Hargrove decision as examples of the class of cases inconsistent with each other. The acts involved in the case on appeal are quasi-judicial in character.
Incalculable mischief to the public welfare would unquestionably follow if the doctrine contended for were established.
Affirmed.
WIGGINTON, C.J., and CARROLL, DONALD, J., concur.