155 So.2d 829 (1963)
Roce SIMPSON, also known as Roe Simpson, Appellant,
v.
CITY OF MIAMI, Florida, Appellee.
No. 62-537.
District Court of Appeal of Florida. Third District.
August 6, 1963.
Rehearing Denied September 11, 1963.
Rosenhouse & Rosenhouse, Miami, for appellant.
Robert D. Zahner, City Atty., John S. Lloyd and Harry Stein, Asst. City Attys., for appellee.
Before BARKDULL, C.J., and CARROLL and PEARSON, TILLMAN, JJ.
CARROLL, Judge.
Plaintiff sued the City of Miami and two of its police officers, seeking compensatory and punitive damages for intentional torts alleged to have been committed upon him by the policemen in the course of their employment. A summary judgment was entered in favor of the defendant city, and the plaintiff appealed.
The determinative question is whether the Supreme Court intended to except intentional torts when it receded from prior decisions to the contrary and held affirmatively "that a municipal corporation may be held liable for torts of police officers under the doctrine of respondeat superior," in the case of Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193.
This case is one of several now pending in this court in which the decision hinges on that question. The narrow point presented is made clear from the opening two paragraphs and the final paragraph of the city's brief, which are as follows:
"The actions of the City's police officers were intentional torts for which the City was not responsible.
"Simpson alleged in his complaint that police officers employed by the City falsely arrested him and committed an assault and battery on him.
* * * * * *
"Further, we submit that the Supreme Court, by its decision in the case of Hargrove v. Town of Cocoa Beach (Fla. 1957) 96 So.2d 130 [60 A.L.R.2d 1193], intended to limit the application of the doctrine of respondeat superior to the negligent torts of municipal employees."
The majority of the panel of this court which heard this case is of the opinion that in Hargrove v. Town of Cocoa Beach, supra, the Supreme Court did not restrict such liability to negligence and exclude intentional torts. When read in full, the opinion of the Supreme Court in the Hargrove case furnishes no reasonable basis to conclude the Court was not dealing with intentional torts as well as with negligence. Had the Supreme Court been concerned only with the area of negligence which the *830 case presented,[1] it would have been simple to engage in further pruning of the doctrine of immunity. It is clear, however, that the Supreme Court met the problem head-on and receded from the prior decisions which had granted immunity from torts by police officers, intentional or otherwise. Therefore, the limitation to be imposed is not on the nature of the tort, but in the nature of the act, as to whether it is within the course or scope of employment.
There is no need to quote at length from the Hargrove decision to support the views here expressed. The opinion of the Supreme Court in Hargrove is there to be read, and it speaks for itself. The Court recognized the need to determine whether a municipal corporation should continue to enjoy "immunity from liability for the wrongful acts of police officers," and that it was asked to remove such immunity. The Court discussed the immunity doctrine at length, referring to its source, its history, purposes, etc. It was noted the doctrine had been whittled away by a pruning process in certain areas of negligence, with the "strange and incongruous results" that municipalities had been held liable for negligence of employees in the course of performance of governmental functions (operation of fire truck; prisoner contracting communicable disease while in jail; negligently permitting injury to working prisoner) but held not liable for intentional torts of employees done in the course of employment (assault by jailor on prisoner causing his death; prisoner assaulted by police officer). The concept responsible for those incongruous results was regarded by the Court as "archaic and outmoded." The Supreme Court then proceeded to uproot it bodily and lay it aside, saying, "the time has arrived to face this matter squarely in the interest of justice and place the responsibility for wrongs where it should be."
After having so considered the problem and held squarely that a municipal corporation may be held liable for the torts of police officers under the doctrine of respondeat superior (without distinction as to intentional torts), with exceptions stated against imposition of liability in the exercise of functions which are legislative, judicial, quasi-legislative or quasi-judicial, the Supreme Court made a restatement of the holding in which it used the word "negligence." There it was said that, subject to the limitations which had been included in the main holding as to legislative or judicial actions, "when an individual suffers a direct personal injury proximately caused by the negligence of a municipal employee while acting within the scope of his employment, the injured individual is entitled to redress for the wrong done."
That sentence has been lifted from the opinion and used out of context repeatedly for the proposition that the Hargrove decision does not apply to intentional torts, resulting in that interpretation being placed on the Hargrove case in several subsequent decisions in district courts of appeal. See Middleton v. City of Fort Walton Beach, Fla.App. (1st Dist.) 1959, 113 So.2d 431; Calbeck v. Town of South Pasadena, Florida, Fla.App. (2nd Dist.) 1961, 128 So.2d 138; Thompson v. City of Jacksonville, Fla.App. (1st Dist.) 1961, 130 So.2d 105, 107; Gordon v. City of Belle Glade, Fla. App. (2nd Dist.) 1961, 132 So.2d 449. To use that "negligence" sentence from the Hargrove opinion to rule out intentional torts, is to disregard the scope of the opinion and the intention of the Supreme Court in Hargrove, and emasculate a far reaching decision which represents an important step in the development of the law of this state. To the extent that the above cited cases from our sister courts in the first and second districts are decisions that Hargrove does not encompass intentional torts, our decision in this case is in conflict therewith.
We hold, on the authority of Hargrove v. Town of Cocoa Beach, supra, that the *831 defendant municipality does not enjoy immunity from liability for the intentional torts of its police officers committed in the course or scope of their employment, and that it was error to grant summary judgment for the defendant city on the basis of such an immunity. See also, City of Miami v. Albro, Fla.App. 1960, 120 So.2d 23.
Accordingly, the summary judgment appealed from is reversed.
Reversed.
BARKDULL, Chief Judge (dissenting).
I respectfully dissent from the majority opinion.
This is another of a series of cases, since Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193, attempting to hold a municipality liable for intentional torts of its employees. The rule, prior to Hargrove v. Town of Cocoa Beach, Fla., supra, was that municipalities were immune from liability for torts committed by their employees. Hargrove v. Town of Cocoa Beach, Fla., supra, created an exception to the rule and permitted recovery for the alleged negligent [unintentional torts] actions of their employees. However, the rule was not completely abandoned and, since the decision was rendered in Hargrove v. Town of Cocoa Beach, Fla., supra, the appellate courts of this State have continued to recognize the immunity of municipalities from suits on intentional torts. See: Middleton v. City of Fort Walton Beach, Fla.App. 1959, 113 So.2d 431; Thompson v. City of Jacksonville, Fla.App. 1961, 130 So.2d 105. A further indication of the continued existence of the doctrine of immunity of municipalities is the recent case of McCann v. City of Lake Wales, Fla. 1962, 144 So.2d 505, wherein the Supreme Court of Florida discussed the doctrine in relationship to the "claims-notice" which must be served on municipalities. It is apparent from the opinion that it was urged before that court that the effect of Hargrove v. Town of Cocoa Beach, Fla., supra, and other cases was to eliminate the doctrine which carried with it the elimination of the "claims-notice" provisions of the various charters of the municipalities of this State. However, this argument was specifically rejected in McCann v. City of Lake Wales, supra, and it appears to be the law of this State, at the present time, that although a municipality may be held liable for the unintentional torts of its employees it may not be held liable for intentional torts committed in the course of their employment.
Therefore, I would affirm the action of the trial judge in entering the final summary judgment.
NOTES
[1] On its facts the Hargrove case involved negligence of a jailor resulting in harm to a prisoner.