BARNS, PAUL D., Associate Judge.
(dissenting).
Analyzing the complaint the first count sounds in case for malicious prosecution; the second count sounds in trespass to the-person of the plaintiff and for illegal search; and the third count sounds in trespass to the plaintiff’s person by assault and' battery or false imprisonment, a species of’ common law trespass.
Appellant-plaintiff-Rose was charged' with vagrancy under a municipal ordinance-of the City and upon trial was acquitted.
The City and the four defendant police-officers by answer, after making certain denials, state that the defendants acted in good faith and on probable cause; hence raising the issue of whether the defendants acted in bad faith and want of probable-cause.
Two basic factors in an action for malicious prosecution are that the prosecution was tainted with malice and was without probable cause; bad faith is often shown as evidence of malice. The false imprisonment and assault and battery counts are based on trespass which is defined as: a wrongful act done with force and immediately injurious to the person of another or to property in his possession. Kegwin’s Cases on Common Law Pleading (2nd Ed.) p. 100. The elements of “wrongful act”, “force”, “immediately injurious”, “person *891 or property of another , in his possession”, are essentials.
The depositions and admissions on file lend support to the view that Rose had made a number of threatening telephone ■calls to the Fort Lauderdale polie and had used vulgar language toward the police and that these calls were from Dania outside of Fort Lauderdale; that because of the attitude of Rose, as reflected by his telephone ■calls, Chief of Police Wrains of Fort Lau-derdale wanted to talk to Rose for the purpose of ascertaining the cause of Rose’s mental attitude and with the thought of placating his animosity toward him; that two Fort Lauderdale policemen were sent to Dania to bring him to Fort Lauderdale if he ’would come willingly and that Rose did go with them willingly and was not then placed under arrest by them; that in Fort Lauderdale he made threats toward the Chief of Police and was booked for vagrancy. He was later, and before trial, examined by a psychiatrist and found sane.
On the other hand, the depositions and admission lend support to the view that the Fort Lauderdale police wrongfully arrested Rose in Dania and took him to the Fort Lauderdale police station and booked him for violating a city ordinance in bad faith and without probable cause.
In the absence of any other controlling factors it appears clearly that the summary final judgment of dismissal was error. However, the briefs filed are only addressed to the question of the immunity of a municipality to actions of the class set forth in plaintiff’s complaint. In Hargrove v. Town of Cocoa Beach, Fla.1957, 96 So.2d 130, 60 A.L.R.2d 1193, the Supreme Court of Florida stated, “Affirmatively we hold that a municipal corporation may be held liable for the torts of police officers under the doctrine of respondeat superior,” and proceeded to hold that the complaint in that case based on negligence of the city jailor stated a cause of action against the ■City and that the municipality was not immune.
I would hold m the case at bar to the effect that the City is not immune, and that the record does not show a want of a genuine issue of fact, as was held in Simpson v. City of Miami, Fla.App.1963, 155 So.2d 829.
I would reverse.