ON MOTION FOR REHEARING
PER CURIAM.
Sherman Williams, who was severely injured when struck by a train, appeals the trial court’s order striking his claim for punitive damages.
A Florida East Coast Railway Company locomotive, without cars attached, operated by engineer Leslie Davis who was speeding in an area where pedestrians frequently cross the tracks, ran over the unconscious body of the plaintiff which was lying par *280 tially on the railroad tracks. Williams sued Davis and the railroad company seeking compensatory and punitive damages.
Count IV of the complaint alleges that Williams is entitled to punitive damages from Davis because, among other things: (1) Davis saw Williams in sufficient time to avoid hitting him but failed to brake prior to hitting him; (2) Davis was involved in no fewer than eighteen railroad accidents causing death, serious bodily injury, or property damage over the nine-year period preceding the incident with Williams; (3) Davis had been involved in similar accidents where he had run over persons notwithstanding his knowledge of their presence on the tracks; and (4) his failure to brake knowing that plaintiff was on the tracks, constitutes gross and reckless misconduct. Count V, for punitive damages against the railroad company, alleges, in part, that notwithstanding the employer’s knowledge of Davis’s propensity to operate trains in such a manner as to create a likelihood of death or serious injury, the railroad allowed him to operate trains and failed to institute measures to minimize the possibility that its engineers would strike persons on railroad tracks. The complaint further alleges that the defendants’ behavior constitutes willful and wanton misconduct and a gross disregard for the safety of plaintiff and others similarly situated.
Defendant, Florida East Coast, argued that the complaint failed to state a cause of action for punitive damages. Agreeing with the railroad, the court struck the claims for punitive damages and allowed the case to proceed to trial on only the theory of ordinary negligence. Williams proffered Davis’s history of twenty serious accidents — some with fatalities — which the trial court refused to allow in as evidence.[1]
When the plaintiff’s attorney questioned Davis at trial as to why he failed to slow down or stop his train after viewing something on the tracks, Davis replied that the object was not “across the track enough to say it would be a danger to my train.” The following exchange then occurred:
Q. Is that your rule for slowing down? It has to be a danger to your train?
A. We don’t have a rule for saying how to slow down. I didn’t find that nowhere.
Q. What is your rule about when you slow down when you see something on the tracks, Mr. Davis?
A. If there is a danger to my locomotive, wherein the train might be derailed, and if I could identify it, which is not possible, you must stop.
The jury returned a verdict finding the defendants 10% negligent and the plaintiff 90% comparatively negligent. Williams’s *281 contention on appeal is that the trial court erred in dismissing his claim for punitive damages at the pleading stage because the complaint stated a cause of action and there was a sufficient evidentiary basis to support the claim.[2]
Punitive damages for injuries arising out of train accidents are permitted in cases of gross negligence or wanton or willful injury. 74 C.J.S. Railroads § 709 (1951). To recover punitive damages, the complaint must allege general facts and circumstances of gross negligence, fraud, malice, or oppression-tending to show plaintiff’s right to recover damages in addition to compensatory damages. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 322, 171 So. 214, 222 (1936); Thompson v. City of Jacksonville, 130 So.2d 105, 109 (Fla. 1st DCA 1961), cert. denied, 147 So.2d 530 (Fla.1962). The court must accept as true the allegations of fact contained in the complaint. Thompson, 130 So.2d at 107. In our view, the court erred in ruling that the allegations were insufficient to support a claim for punitive damages as a matter of law. The claim that Davis saw the plaintiffs disabled body lying on the tracks in enough time to stop, and yet failed to apply his brakes, is sufficient, in view of Davis’s accident history and statements evidencing his higher concern for the locomotive than for the safety of pedestrians, to support the allegations of gross negligence and willful misconduct. On the same facts the jury could find the railroad guilty of wanton misconduct in retaining Davis with knowledge of that accident history and his disdain for human life or safety, or by their failure to institute procedures and regulations designed to prevent such accidents.
A plaintiff who has sufficiently alleged a cognizable cause of action must be permitted to present to the jury evidence in support of those allegations. Hopke v. O’Byrne, 148 So.2d 755 (Fla. 1st DCA 1963). In light of the allegations and the proffer to the trial court of Davis’s history of accidents, and the damning statement of the train operator that he stops only when there is something on the tracks that would harm his locomotive, a jury issue could have been presented as to whether the defendants’ conduct rose to the level of wantonness to constitute “a reckless disregard for human life equivalent to manslaughter.” Chrysler Corp. v. Wolmer, 499 So.2d 823, 825 (Fla.1986).
The dismissal of the claims for punitive damages is reversed and the cause remanded for a new trial on that issue.

.The proffer was as follows:
1. On December 11, 1976, a Davis train smashed into a truck.
2. On January 23, 1977, a Davis train crushed a person to death.
3. On August 27, 1977, a Davis train struck a car.
4. On September 6, 1977, a Davis train severed the legs of Gary Gonsiorowski whose unconscious body was lying across the tracks. [See: Florida East Coast Railway Company v. Gonsiorowski, 418 So.2d 382 (Fla. 4th DCA 1982), rev. denied, 427 So.2d 736 (Fla.1983)].
5. On December 16, 1977, a Davis train struck a car.
6. On August 26, 1978, a Davis train struck a car; the impact killed two persons.
7. On September 9, 1978, a Davis train ran over a person in Lake Worth.
8. On September 9, 1978, a Davis train struck a vehicle in Ft. Lauderdale.
9. On December 11, 1978, a Davis train struck a man.
10. On May 10, 1979, a Davis train collided with a car.
11. On November 23, 1979, a Davis train struck a boy on a bicycle.
12. On September 12, 1980, a Davis train impacted with a car.
13. On November 21, 1980, a Davis train impacted with a car.
14. On February 18, 1981, a Davis train hit a car.
15. In June of 1982 a Davis train impacted with a car.
16. On April 5, 1983, a Davis train impacted with a car.
17. On June 3, 1983, a Davis train impacted with a car.
18. On August 19, 1983, a Davis train ran over Sherman Williams.
19. On November 24, 1983, a Davis train struck a person.
20. On September 27, 1984, a Davis train impacted with a school bus killing two children.

. Ordinarily, the court is limited to the allegations of the complaint in deciding whether a cause of action for punitive damages is stated. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla.1956); Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA 1985). In this case the parties agreed that this court should consider the complaint, the evidentiary proffer, and the trial testimony. The reason for the agreement, laudably, was "to avoid a waste of judicial labor" in the event of a determination on appeal that the allegations were sufficient to support a punitive damages claim against both defendants.
Because the accident occurred in 1983, the procedure outlined in section 768.72, Florida Statutes (1987), is not applicable here.