578 So.2d 831 (1991)
Helen STOCKMAN, Appellant,
v.
A.W. DUKE, H.C. Duke, and Robert S. Fonte, Appellees.
No. 90-02751.
District Court of Appeal of Florida, Second District.
April 26, 1991.
*832 Joseph F. McDermott, St. Petersburg, for appellant.
Robert S. Fonte, pro se.
No Appearance for appellees, A.W. Duke and H.C. Duke.
PATTERSON, Judge.
Helen Stockman appeals the awards of damages entered against her in an action for trespass to land. We reverse.
In 1971, A.W. Duke and his brother, H.C. Duke, purchased a tract of vacant land in Pasco County adjacent to the land of Helen Stockman. Stockman maintained a residence on her property. Robert Fonte purchased land across the road upon which he operated a nursery business comprised of four greenhouses and other appurtenances. From 1981, Fonte observed the Stockman family digging pits on the Duke land for the purpose of burying garbage. Stockman also constructed a fence which encroached on the Duke tract.
In 1987, Fonte negotiated a three-year lease of the property from the Dukes which included an option to purchase at the end of the term. He took possession on January 1, 1988, with the intention of installing electricity and a well on the property and moving his nursery business onto it. Fonte incurred permitting problems with the county, but early in 1988, he moved one of his greenhouses to the tract. He watered the plants with a 250-foot hose from his property across the road.
Although the record is unclear, it appears that a dispute arose between Stockman and the Dukes over the location of the fence and Stockman instituted an action for adverse possession which was thereafter dismissed. In November 1988, the Dukes and Fonte joined together and brought this action seeking injunctive relief to cure the continuing trespass and for damages to Fonte for interference with his use of the property. The Dukes asserted a claim for general damages and for loss of rents. After a nonjury trial, the trial court granted the injunctive relief sought and awarded to Fonte damages of $8,500.00 and to the Dukes damages of $1,000.00. Only the damage awards are the subject of this appeal.
As to the landowner, the usual measure of damages in an action for trespass to real property is the difference in value of the land before and after the trespass. Horn v. Corkland Corp., 518 So.2d 418 (Fla.2d DCA 1988); Clark v. J.W. Conner & Sons, Inc., 441 So.2d 674 (Fla. 2d DCA 1983), rev. denied, 449 So.2d 264 (Fla. 1984). Included within this measure of damages is the removal of debris from the land. Clark, 441 So.2d at 677. However, when reduction in market value proves to be inadequate, losses personal to the owner may also be recovered. Fiske v. Moczik, 329 So.2d 35 (Fla.2d DCA 1976). As to a lessee of real property, the proper measure of damages includes the lessee's loss of use and enjoyment of the land. See 75 Am.Jur.2d Trespass § 51 (1974); Annotation, Remedy of Tenant Against Stranger Wrongfully Interfering With His Possession, 12 A.L.R.2d 1192, 1210 (1950). The elements of damages to the Dukes and Fonte are therefore distinctly different.
During the progress of this case in the trial court, and before trial, Fonte abandoned his lease and quit the property. No attempt was made to amend the pleadings in light of this change of circumstances. Notwithstanding, Fonte and A.C. Duke were permitted to testify, without objection, to what they considered their special damages to be as of the date of trial. Stockman's contention that this testimony should be disregarded is therefore without merit due to her failure to object to the testimony. See Fla.R.Civ.P. 1.190(b).

*833 FONTE'S DAMAGES
Fonte now argues that the presence of the garbage pits on the land, which produced depressions of varying but not substantial depths, precluded him from completing the relocation of his greenhouses due to instability of the soil. This in turn resulted in his inability to continue maintaining the plants on the property and eventually forced him to abandon his endeavor. He produced business records which reflected expenditures in the amount of $18,698.80, which included rent, taxes, and the value of plants which he contends died when he vacated the land. In view of Fonte's testimony at trial, however, it is not necessary for us to analyze these expenditures to determine if any portion of them may represent recoverable damages.
Although Fonte alluded to apprehension about attempting to place greenhouses over the garbage pits (comprising a small area of a six-acre tract), he testified that he did not proceed because of uncertainty as to the outcome of the pending litigation. He eventually "let it go" because of his inability to continue the rental payments or foresee the possibility of coming up with the required cash to exercise his option to purchase at the end of the term. There is no indication of a different result if he had relocated his remaining greenhouses from one side of the road to the other. The plants on the leased property died because he elected to stop watering them with the hose. There is, therefore, no causal connection between Stockman's continuing trespass and the alleged damages Fonte sustained.[1]

DUKE'S DAMAGES
A.C. Duke testified on behalf of himself and his brother. He contended that their loss was the failure of Fonte to exercise his $87,000.00 option to purchase the land.[2] Our prior determination of the reason for Fonte's abandonment of the lease would render this issue moot, even if it had been presented in a proper format. Duke offered no evidence of the value of the land before and after the trespass, even though an owner of real property is competent to give such testimony. See Harbond, Inc. v. Anderson, 134 So.2d 816 (Fla. 2d DCA 1961). The amount of damages awarded to the Dukes was therefore error. Upon proof of a trespass to real property, however, a landowner is entitled to at least an award of nominal damages. See Leonard v. Nat Harrison Assocs., Inc., 122 So.2d 432 (Fla. 2d DCA 1960).
We, therefore, reverse the judgments of the trial court with instructions to enter judgment in favor of Stockman on the claim of Fonte and to reduce the award of damages to the Dukes to one of nominal damages in the amount of $1.00.
SCHEB, A.C.J., and FRANK, J., concur.
NOTES
[1] Consequently, we need not discuss the expert testimony of civil engineer David Meyers that the presence of the garbage pits in no way inhibited the construction of greenhouses or the fact that Fonte leased the property with full knowledge of at least some of the pits.
[2] Although the Dukes had pled special damages in the form of lost rents, A.C. Duke had no personal knowledge of what rents, if any, were lost.