716 So.2d 850 (1998)
Bruce CODDINGTON, Appellant,
v.
John STAAB also known as Jack Staab, Appellee.
No. 97-2413.
District Court of Appeal of Florida, Fourth District.
September 2, 1998.
Burton E. Burdick of Burton E. Burdick, P.A., Fort Lauderdale, for appellant.
*851 Paul O'Connell and Patrick J. Murphy of Murphy & Roig, P.A., Fort Lauderdale, for appellee.
SHAHOOD, Judge.
This appeals arises from Final Judgment following entry of Judgment on the Pleadings. In his amended complaint for trespass, appellant seeks both compensatory damages and recovery for emotional distress. We reverse and remand with directions finding that the complaint states a cause of action for trespass.
In his amended complaint for trespass, appellant alleged that appellee entered his apartment without permission and authority while he was obtaining psychiatric care, ransacked his personal property, and deprived him of the use of his apartment. Appellant further alleged that although no physical contact took place between appellant and appellee, appellee's actions caused him to suffer mental pain and anguish, an aggravation of a preexisting psychiatric condition, and a loss of earning capacity.
It is well settled that judgment on the pleadings may be granted only if, on the facts admitted for the purpose of the motion, the moving party is clearly entitled to a judgment as a matter of law. See Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602, 603 (Fla. 2d DCA 1997); Swim Indus. Corp. v. Cavalier Mfg. Co., 559 So.2d 301 (Fla. 2d DCA 1990); General GMC Truck Sales and Serv., Inc. v. Simm, 430 So.2d 998 (Fla. 4th DCA 1983); Fla. R. Civ. P. 1.140(c).
We hold that the trial court erred in entering judgment on the pleadings, as the pleadings state a cause of action for trespass. Trespass to real property has been defined as "an unauthorized entry onto another's property." See Pearson v. Ford Motor Co., 694 So.2d 61, 69 (Fla. 1st DCA 1997). Trespass to personal property is the intentional use of, or interference with, a chattel which is in the possession of another, without justification. See 55 Fla. Jur.2d Trespass § 3 (1984). Appellant's complaint sufficiently alleges that appellee entered his apartment without his permission, ransacked his personal property, and deprived him of the use of his apartment and his personal property.
As to the recovery of damages, it appears from the complaint that appellant seeks either to recover damages for emotional harm, outside the scope of the proper measure of damages for trespass, or is attempting to plead a separate cause of action for intentional infliction of emotional distress. As the complaint is drafted, appellant is limited in his recovery of damages as the complaint fails to state a cause of action for intentional infliction of emotional distress, see Clemente v. Horne, 707 So.2d 865 (Fla. 3d DCA 1998), and appellant has failed to demonstrate that mental distress is an element of compensatory damages for trespass. Appellant relies upon Thompson v. City of Jacksonville, 130 So.2d 105 (Fla. 1st DCA 1961), cert. denied, 147 So.2d 530 (Fla.1962), for his position that mental pain and suffering is a recoverable measure of damages for trespass. In Thompson, the court held that a complaint stated a sufficient cause of action for invasion of right to privacy for compensatory but not punitive damages where city police officers negligently broke into and searched premises with a negligent disregard for plaintiff's right to privacy, causing her great mental and physical pain and suffering. Thompson is inapplicable under the facts of this case as invasion of right to privacy has not been pled.
Generally, as to a lessee of real property, the proper measure of damages for trespass includes the lessee's loss of use and enjoyment of the land. See Stockman v. Duke, 578 So.2d 831, 832 (Fla. 2d DCA 1991). Where the injury consists in the wrongful taking of chattels from the possession of another, the measure of damages is the value of the goods at the time and place of the wrongful taking and removal. See 55 Fla. Jur. 2d Trespass § 17.
We accordingly hold that appellant's amended complaint sufficiently states a cause of action for trespass. However, on remand, we direct the trial court to limit appellant's recovery to those measure of damages permitted for trespass and to strike any reference to recovery for emotional distress.
*852 REVERSED AND REMANDED WITH DIRECTIONS.
WARNER, J., and BRYAN, BEN L., Associate Judge, concur.