(127 So. 385)

**STATE v. MIMS et al.**

No. 30422.

March 5, 1930.

credibility of said Mitchell and producing evidence to contradict him.

The bill is without merit. The evidence of Mitchell, whether on trial or not, was admissible against the other four defendants, and the fact that the other defendants were taken by surprise was no ground for a continuance; "an accused will hardly contend seriously that he is entitled to a continuance whenever legitimate evidence produced against him happens to take him by surprise." State v. Hutchins, 149 La. 1077, 90 So. 410, 411. Were the accused entitled to a continuance under such circumstances, the result would be that the trial of criminal cases would become impossible, for an accused could always claim that the evidence produced against him has taken him by surprise; which is generally true, since the plea of not guilty imports on its face a belief on the part of the accused that the state lacks the necessary evidence to convict him.

Bill No. 4 presents nothing for the consideration of this court.

### Decree.

The judgment appealed from is therefore affirmed.

A. S. Drew and A. M. Wallace, both of Minden, for appellants.

Percy Saint, Atty. Gen., R. H. Lee, Dist. Atty., of Minden, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J.

The appellants, I. D. Mims, Joe Mims, Henry Mims, and Jordan Mims, were convicted of murder without capital punishment. These four were indicted jointly with one Joe Mitchell. The latter entered a special plea of insanity, and all further proceedings were stayed as to him.

When the case came up for trial as to the other four, the appellants here, the state entered a nolle prosequi as to said Mitchell, and proceeded to use him as a witness against the other four.

Bill of exception No. 1 complains that the state had no right to nol. pros. as to the defendant Mitchell after the indictment had been read to the jury. Code Cr. Proc. art. 330. But we cannot see what interest the other four defendants, who have taken this appeal, can possibly have in that matter. Joe Mitchell is not complaining, nor would he be entitled to complain until an effort were made to reindict or retry him for the same offense.

Bills Nos. 2 and 3 complain that these appellants were taken by surprise when their codefendant, Joe Mitchell, was called as a witness against them, and should have been granted the continuance which they then sought for the purpose of inquiring into the