CLARA FRANCIS SWINDAL, *et al.*, v. CITY OF JACKSONVILLE.

161 So. 383.

Opinion Filed May 15, 1935.

*Frank F. L'Engle* and *Claude L'Engle,* for Plaintiff in Error;

*Austin Miller* and *Emmet Safay,* for Defendant in Error.

PER CURIAM.—The declaration in this case, which was adjudged bad on demurrer, counts in substance on an allegation by plaintiff below that the defendant, City of Jacksonville, while engaged in the quenching, controlling, smothering and fighting of a fire in the city, created a dangerous nuisance in the city streets by leaving unguarded a certain fire hydrant and high pressure hose connected therewith which being left in that condition endangered the lives and safety of pedestrians on the city sidewalks, in consequence

of which plaintiff, while lawfully walking along a sidewalk of the city where she had a lawful right to be, was unlawfully, knowingly, negligently and carelessly injured without fault or negligence on her part by a stream of water issuing without warning and at great pressure, upon and against plaintiff with great force, velocity and violence without any notice to plaintiff of the danger thereof and without her being otherwise advised or knowing of same prior to the infliction of her injuries.

Plaintiff further averred that the dangerous practice and condition constituting the unlawful nuisance complained of, was of long standing and well known to the city which had taken no steps whatever to guard against, abate or protect pedestrians on the city's streets from the great danger of same, and that in consequence of the city's breach of duty in the particular case now before this Court, that plaintiff having no knowledge of and not suspecting any danger to her from using the sidewalk whereon she was at the time walking, was struck by a stream of water issuing from the city's fire hydrant and hose with such velocity, force and violence that she was violently thrown from her feet, down, over and upon the sidewalk and/or highway of said city, and same then and there violently and greatly bruising, wounding and injuring plaintiff through her body, and the right and left ankle, right and left knee, right hip and left fibula joint of plaintiff were then and there strained, stretched, pulled, bruised and separated and each of said ankle, knee and left fibula joint of plaintiff was made weak, sore, lame, irritated and inflamed and that as a result of the injury to the right hip and left fibula joint of plaintiff she has lost the natural use and function of same and does suffer great and continuous pain therefrom, and that plaintiff will continue so to suffer great body and mental pain

and suffering, and to be deprived of the natural use and function of the right hip and left fibula joint of plaintiff, to-wit, permanently. That by reason thereof plaintiff has been forced to expend and incur a large sum of money for physician, nurses and hospital services and attention and medicines all in and about attempting to be cured of her said injuries and plaintiff will be forced to continue to expend further large sums of money attempting to be healed of her said injuries.

A majority of the Court are of the opinion that the right to maintain an action for the injuries alleged is well settled in plaintiff's favor by the prior decisions of this Court. (See City of Tallahassee v. Kaufman, 87 Fla. 119, 100 Sou. Rep. 150; Maxwell v. City of Miami, 87 Fla. 107, 100 Sou. Rep. 147, 33 A. L. R. 682; Tarpon Springs Lbr. & Supply Co. v. City of Tarpon Springs, 100 Fla. 314, 129 Sou. Rep. 609; Chardkoff Junk Co. v. City of Tampa, 102 Fla. 501, 135 Sou. Rep. 457; City of West Palm Beach v. Grimmett, 102 Fla. 680, 136 Sou. Rep. 320, 127 Sou. Rep. 385), and that on the authority of the principles of law set forth and approved in this jurisdiction in the decisions and opinions hereinbefore cited, that the judgment on demurrer in favor of the city should be reversed, and the cause remanded to the Circuit Court, with directions to overrule the city's demurrer to plaintiff's declaration and to have such further proceedings in this proceeding as may be consistent with this opinion.

Reversed and remanded with directions.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—I hardly think the maintenance of a fire-hydrant can be classed as a nuisance. The gist of

this action, as I see it, is that the accident occurred while fighting a fire and that it was due to the negligence of a member or members of the city's fire department in not properly adjusting the hose when connecting it up with the fire-hydrant from some defect in the hose or joint, but that inasmuch as the extinguishment of fires is a governmental function, the city is not liable for the negligence of its firemen when actually so engaged.

At least some of the counts of the declaration come within this principle and the demurrers thereto were, I think, properly sustained. The maintenance of nuisance doctrine, upon which most of our previous decisions on this subject appear to be founded, should not be unduly expanded as applied to the strictly governmental operations of a municipality. See 19 R. C. L. 1117; 43 C. J. 967.