14 So.2d 676

**STATE v. SCHIMPF.**

No. 37108.

June 21, 1943.

Charles H. Morton, of Farmerville, for relator.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., Fred L. Jackson, Dist. Atty., of Homer, and Wayne Stovall, Asst. Dist. Atty, of Jonesboro, for respondent.

FOURNET, Justice.

The relator, Frank W. Schimpf, having been convicted of conducting a business of gambling under Article 90 of the Louisiana Criminal Code (created by Act No. 43 of 1942) and sentenced to 60 days in jail and to pay a fine of $250 and all costs, and in default of paying the fine sentenced to an additional 6 months in jail, applied to this court for and was granted a writ of certiorari to the end that the validity of the proceedings might be ascertained, and the trial court was ordered to show cause why his conviction and sentence should not be set aside and the relator discharged.

It appears that the sheriff, accompanied by the district attorney, the assistant district . attorney, and the town marshal, searched a warehouse owned by the relator adjoining his residence in the town of Jonesboro, which warehouse was, at the time, closed and under lock and key. They discovered there 102 mechanical devices known as slot machines, pinball machines, and like contrivances, all of which were seized by the sheriff on February 8, 1943. On February 11 following, the district attorney filed a bill of information charging that Schimpf did, on February 8, 1943, "conduct the business of Gambling by having in his possession, in a building and premises owned by him in the Town of Jonesboro, Jackson Parish, Louisiana, one

hundred two (102) mechanical devices known as Slot Machines, Pin Ball machines and other contrivances which were used or can be used, operated and gambled with for money and representatives of money and prizes and by which a person risks the loss of something of value in order to realize a profit."

The relator, in order that he might be able to properly answer and prepare his defense, filed a motion for a bill of particulars under which he sought the following information:

(1) Whether he was charged with operating a gambling business or charged with merely keeping instruments that could be used for gambling;

(2) Whether the machines mentioned in the information were actually in use on the date stipulated or merely stored in readiness for use;

(3) Whether the machines were licensed and, if, in use, the names of the person or persons using them; and

(4) The law or statute under which he was charged.

The trial judge ordered the state to furnish the information relative to the law or statute under which the relator was charged, overruling the motion in all other respects, and the state, complying therewith, declared the relator was charged and being prosecuted under Article 90 of the Louisiana Criminal Code, which reads as follows:

"Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit."

The relator then filed a motion to quash the information on the ground that it did not charge him with the crime of gambling as defined in this article. In the alternative, he alleged Act No. 43 of 1942, creating the Louisiana Criminal Code, is violative of Sections 16, 17, and 18 of Article III of the Constitution of 1921.

It is our opinion that the information does not set forth the crime denounced by Article 90 of the Louisiana Criminal Code and therefore the trial judge erred in overruling the motion to quash. While the information contains the conclusion that the relator did "conduct the business of Gambling," such conclusion, as will appear from a mere reading of the information, is not supported by the facts on which it is based, for the qualifying clause immediately following this conclusion does no more than describe the mechanical gambling devices found stored in the relator's warehouse. The business of gambling as defined in Article 90 neither includes nor contemplates as an offense the mere possession of gambling parafernalia.

For the reasons assigned, the motion to quash the bill of information is sustained, all of the proceedings subsequent thereto are annulled and set aside, and the relator is ordered discharged.