132 So.2d 764 (1961)
Milton STEINHARDT and Esther Steinhardt, his wife, Appellants,
v.
TOWN OF NORTH BAY VILLAGE, a municipal corporation, Appellee.
No. 60-516.
District Court of Appeal of Florida. Third District.
September 14, 1961.
Rehearing Denied October 3, 1961.
*765 Snyder & Young and Malcolm H. Fromberg, North Miami Beach, for appellants.
Feibelman, Friedman, Hyman & Durant, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
PEARSON, TILLMAN, Chief Judge.
The plaintiffs appeal from a final judgment entered upon defendant's motion to dismiss the amended complaint for failure to state a cause of action. The facts as admitted upon the motion were that the plaintiffs were the owners of certain improved real property within the limits of the defendant city, and a fire threatened to destroy plaintiffs' building; that defendant municipal corporation, pursuant to a call and its regulations, dispatched its agents who formed a portion of its fire department to the plaintiffs' property; and that because of the negligence of its agents, the fire destroyed plaintiffs' building. We affirm.
The acts of alleged negligence may be best described by quoting from the complaint itself:
"A. That the defendant dispatched a fire truck to be utilized in extinguishing the aforedescribed fire, which fire truck was improperly equipped, i.e.: that the fire truck was to have contained thereon at all times three hundred (300) gallons of water to be utilized to extinguish fires. That the fire truck so dispatched to the fire as aforedescribed did not have three hundred (300) gallons of water thereon for the defendant, through its agents and/or employees, utilized said water several hours prior to the fire aforedescribed for the purpose of watering lawns and the defendant, its agents and/or employees, forgot to replenish the supply upon said fire truck; and/or in the alternative;
"B. That the defendant dispatched its agents, servants, and/or employees to the said fire, to help extinguish same, who were improperly trained for said purposes and who did not know how to fully operate and employ the defendant's fire-fighting equipment, i.e.: the said defendant's agents, servants and/or employees dispatched to the said fire did not know the location of the nearest fire hydrant nor how to hook up the defendant's fire hoses to the defendant's fire hydrant to secure the water to be used to extinguish said fire. The said defendant's agents, servants and/or employees, because of their lack of training and/or knowledge, called the Miami Beach Fire Department for assistance and instructions in hooking up said equipment. That from the time said call was made until the Miami Beach Fire Department arrived at the scene forty (40) minutes expired  all during which time the plaintiffs' building was burning down, and the defendant was unable, in whole or in part, because of the foregoing, to extinguish said fire."
The trial judge found that the complaint failed to state a cause of action because a municipality is not liable for a tort arising out of the insufficient manner in which its *766 fire department proceeds in fighting a fire.[1] Counsel are agreed that the trial judge considered Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193, and determined that the holding therein does not extend the area of possible municipal liability to include a city's negligent failure to properly protect property from loss by fire.
The gravamen of the complaint is the failure of the city to properly carry out a function it has undertaken and for the performance of which it has presumably collected taxes from the plaintiffs. It is not alleged that the city has failed to provide a fire department; rather, it is urged that it provided an ineffective one insofar as the needs of the plaintiffs were to be met. It is argued that this is another way of saying that the plaintiffs have suffered a direct personal injury proximately caused by the negligence of a municipal employee while acting within the scope of his employment, and therefore the facts come within the statement of the law contained in the Hargrove case at page 133, paragraph [3].
In a consideration of the problem, we are not greatly aided by the many cases from other jurisdictions, which almost uniformly hold that a city is not liable. The greatest number of the cases cited base the holding upon the conclusion that the maintenance and operation of a municipal fire department are a governmental function, and in the exercise of such function, the municipality is immune to liability. The distinction between proprietary and governmental functions is no longer valid as a method of allocating municipal liability in this state. It is sometimes said that failure to provide adequate fire protection involves the denial of a benefit owing to the community as a whole, but that it does not constitute a wrong or injury to a member thereof so as to give rise to a right of individual redress. Notwithstanding such reasoning, our Supreme Court in Mugge v. Tampa Waterworks Co., 52 Fla. 371, 42 So. 81, 6 L.R.A.,N.S., 1171, held that where a private water company fails to furnish an adequate water supply pursuant to its contract with the city, and an individual suffers fire damage because of this failure, the individual has a right of action against the company even though the benefit of the contract runs to the community as a whole.
If we look for reasons rather than reasoning in the cases denying municipal liability for loss occasioned by the failure to extinguish fires, we will find reasons enough. The most influential of these is the thought that a conflagration might cause losses, the payment of which would bankrupt the community. Closely allied with this fear is the realization that the crushing burden of extensive losses can better be distributed through the medium of private insurance.
As mentioned previously, the opinion in Hargrove v. Town of Cocoa Beach, supra, has been recognized as rejecting the rule of municipal immunity from some torts arising out of governmental functions.[2] *767 There are as pointed out in the cases cited, limitations expressed in the Hargrove opinion which restrict municipal liability.
One of these is the rule of immunity set forth in Elrod v. City of Daytona Beach, 132 Fla. 24, 180 So. 378, 118 A.L.R. 1049, where it was held that a municipality was not liable for the enforcement of an unconstitutional ordinance. It was reasoned that the ordinance in question was an exercise of the legislative power, and its passage and enforcement could not become the basis of legal liability because the commission was performing discretionary duties. In the instant case the plaintiffs do not complain of the negligence of a municipal employee but of the failure to properly provide a city service. Their allegations are in essence that the city, through its governing body did not (1) restrict the firemen from using the water tank for purposes unconnected with fire fighting and (2) provide for trained firemen. The argument for immunity of the city from liability for its failure to act as the plaintiffs allege it should have acted would seem to be as strong as the basis recognized for immunity for the enforcement of an improper legislative act. In each case the elected officials of the city were undertaking to perform functions which required an exercise of legislative or quasi legislative powers, and the consequences of their acts, even if improperly performed, cannot be made subject to civil liability.
The application of these principles is not without its difficulty. As appellants point out, our Supreme Court has several times refused to apply the doctrine of immunity to protect a city from liability for the negligent operation of its fire equipment.[3] These cases declare that a city may be liable when it conducts its fire-fighting equipment upon the public streets in such a manner as to endanger the lives and property of innocent persons. They cannot be made the basis for a holding of municipal liability upon the facts of the instant case because one could hardly say that a city's failure to establish an efficient fire department to extinguish fires is a nuisance upon the public streets.
The judgment is therefore affirmed.
Affirmed.
NOTES
[1] See cases collected at 38 Am.Jur., Municipal Corporations § 626; 63 C.J.S. Municipal Corporations § 776; 18 McQuillin, Municipal Corporations §§ 53.52, 53.53. There can be no doubt that this is the general rule in the United States. Nevertheless, there has long been a great deal of dissatisfaction with the decisions upholding municipal immunity from tort liability. The dissatisfaction of our own Supreme Court with the rule of municipal immunity and the distinction between governmental and proprietary functions, evidence in many cases, culminated in the landmark case of Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193.
[2] Gordon v. City of Belle Glade, Fla.App. 1961, 132 So.2d 449; Thompson v. City of Jacksonville, Fla.App. 1961, 130 So.2d 105; Calbeck v. Town of South Pasedena, Florida, Fla.App. 1961, 128 So.2d 138; City of Coral Gables v. Giblin, Fla.App. 1961, 127 So.2d 914; City of Miami v. Albro, Fla.App. 1960, 120 So.2d 23; Middleton v. City of Fort Walton Beach, Fla.App. 1959, 113 So.2d 431; Hewitt v. Venable, Fla.App. 1959, 109 So.2d 185; Ragans v. City of Jacksonville, Fla.App. 1958, 106 So.2d 860.
[3] City of Miami v. Thigpen, 151 Fla. 800, 11 So.2d 300; Barth v. City of Miami, 146 Fla. 542, 1 So.2d 574; City of Miami v. McCorkle, 145 Fla. 109, 199 So. 575; Swindal v. City of Jacksonville, 119 Fla. 338, 161 So. 383; City of Tallahassee v.v. Kaufman, 87 Fla. 119, 100 So. 150; Maxwell v. City of Miami, 87 Fla. 107, 100 So. 147, 33 A.L.R. 682; Kaufman v. City of Tallahassee, 84 Fla. 634, 94 So. 697, 30 A.L.R. 471.