Merrimack,
No. 5511.

## Thomas Roy *v.* Hampton.

Argued December 6, 1966.
Decided March 7, 1967.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *William S. Orcutt* ( *Mr. Orcutt* orally ), for the plaintiff.

*Perkins, Holland & Donovan* and *William H. M. Beckett* ( *Mr. Beckett* orally ), for the defendant.

KENISON, C.J. At common law there is no municipal liability for damage to personal property caused by mobs and rioters in the absence of statute abrogating governmental immunity. *Chadbourne* v. *Newcastle*, 48 N. H. 196, 199; *Goldman* v. *Forcier*, 68 R. I. 291. See *Hermer* v. *Dover*, 106 N. H. 534; *Gossler* v. *Manchester*, 107 N. H. 310. As early as 1854 New Hampshire passed " an act making cities and towns liable for damages caused by mobs or riots. " Laws 1854, *c*. 1519. The law in its present form provides for the town's liability in the following language: RSA " 31:53 Town's LIABILITY. If persons, unlawfully, riotously and tumultuously assembled, shall injure or destroy any property, real or personal, the town within the limits of which such property is situate shall be liable to the owner thereof for the damages suffered by him, in an action on the case. " The statute is limited in its application by RSA 31:54, which reads as follows: " — LIMITATION. No person shall be entitled to the benefits of the foregoing provision if it shall appear that the destruction of his property was caused by his illegal or improper conduct, nor unless it be made to appear that he, upon knowledge had of the intention or attempt to destroy his property, or to collect a mob for such purpose, sufficient time intervening, gave notice thereof to the mayor, one of the selectmen, or a justice of the peace of the town in which the property was situate. " The statute further provides that a town which has paid any sum of money may recover against the person or persons who have injured or destroyed the property ( RSA 31:55 ) but this section of the statute is not involved in this case. *Hanover* v. *Dewey*, 58 N. H. 485.

It is not seriously disputed that the plaintiff's property was damaged and it is conceded that the plaintiff's conduct was not illegal, but the defendant maintains that the plaintiff's conduct

was improper within the meaning of RSA 31:54. Specifically it is argued that the plaintiff should not have parked his car where he did because of the danger of damage to it and that he should have periodically inspected it. What constitutes improper conduct cannot be considered in a vacuum and the plaintiff's actions must be viewed in the light of all the circumstances of the case. The riot that was anticipated and in fact occurred was of substantial magnitude. *State* v. *Mower*, 107 N. H. 481; *State* v. *Andresen*, 108 N. H. 9. The plaintiff parked his motor vehicle where he was instructed to do so by the defendant's agent and during his long working hours would not be normally expected to make periodic checks of his vehicle or to question the propriety of his employer's instructions. The Court's finding that the plaintiff's conduct "was reasonable and proper under all of the circumstances" is sustainable on this record. Consequently the plaintiff's action is not barred under RSA 31:54 on the ground that the damage to his property was caused by his "improper conduct." *Underhill* v. *Manchester*, 45 N. H. 214; *Palmer* v. *Concord,* 48 N. H. 211.

The statutes which exist in several states imposing liability on municipalities for damage caused by rioters and mobs vary widely in scope and content. Civil Disturbances and Municipal Law, 28 Nimlo Municipal Law Rev. *pp.* 516-520 ( 1965 ); Note, Liability for Injuries and Property Damage Caused by Mob Violence, 13 N.C.C.A. ( n.s. ) 433; 50 Cornell L. Q. 699 ( 1965 ); 50 Minn. L. Rev. 271, 289 ( 1965 ). Consequently it is not surprising that judicial decisions construing these statutes do not constitute a homogeneous segment of the law. Annots. 13 A.L.R. 755; 23 A.L.R. 297; 44 A.L.R. 1137; 52 A.L.R. 562. The New Hampshire statute is not solely a penal statute and its thrust is compensatory, preventive and remedial. *Underhill* v. *Manchester*, 45 N. H. 214. Such a statute is entitled to a reasonable and not a rigid or strict construction. *Ely* v. *Niagara County,* 36 N. Y. 297; Note, Liability of the Municipality for Mob Violence, 6 Fordham L. Rev. 270, 279-280 (·1937 ); Note, Communal Liability for Mob Violence, 49 Harv. L. Rev. 1362, 1366-1367 ( 1936 ).

RSA 31:54 provides there can be no recovery by the plaintiff "unless it be made to appear that he, upon knowledge had of the intention or attempt to destroy his property, or to collect a mob for such purpose, sufficient time intervening, gave notice thereof

. . . to one of the selectmen, or a justice of the peace of the town in which the property was situate. " No notice was given in this case by the plaintiff and it is contended that the plaintiff's action should be dismissed for that reason. The Trial Court found that although the plaintiff had knowledge as to the possibility of a riot he had no knowledge of any intention or attempt to destroy or damage his property. The Court further found that the plaintiff's primary obligations and duties during his tour of duty were such "that there was not sufficient time offered him as a normal condition of his employment to notify the appropriate officials of the defendant town to the effect that his property was in danger of being destroyed. "

This raises the question whether the failure to give statutory notice is fatal to the plaintiff's claim. In the circumstances of this case we agree with the Trial Court that notice was not a prerequisite to recovery. *Feinstein* v. *New York*, 157 Misc. 157, 283 N. Y. Supp. 335. As the court said in *Solomon* v. *Kingston*, 24 Hun. 562, 565, *aff'd* 96 N. Y. 651: "When the crowd became a riot, there was no time to give notice. " Note, Liability of the Municipality for Mob Violence, 6 Fordham L. Rev. 270, 280; Note, Communal Liability for Mob Violence, 49 Harv. L. Rev. 1362, 1366-1367 ( 1936 ); 2 Antieau, Municipal Corporation Law, *s*. 12.06, *p*. 133 ( 1963 ). "The object of notice in such cases is to secure protection against the acts of the mob, and where notice would be useless for that purpose, one whose property is injured will not be deprived of his right against the municipal corporation for damages for failing to give notice. " 18 McQuillin, Municipal Corporations ( 3d *ed*. rev. 1963 ) *s*. 53.149.

*Exceptions overruled;*
*judgment on the verdict.*

BLANDIN, J., sat at argument but took no part in the decision; the others concurred.