PER CURIAM.
The appellants, plaintiffs in the trial court, seek review of a final order of dismissal with prejudice of their complaint sounding in tort, which reads as follows:
;fc
“COME NOW the plaintiffs, WILLIAM WONG, WILLIAM F. MAH, HERBERT BRAMEISTER, MARILYN EDEL-BLUM, SAMPSON’S MARKET, INC., and THE SHELLY CORPORATION d/b/a BON MARCHE CLEANER’S, and sue the defendants, CITY OF MIAMI, a municipal corporation, and DADE COUNTY, a political subdivision of the State of Florida, and allege:
“1.. That the plaintiff WILLIAM WONG, at all times material to this cause of action was the owner of Joe’s Quality Market at 1208 Northwest 62nd Street, Miami, Dade County, Florida and Joe’s Seymour Food Market at 1304 Northwest 62nd Street, Miami, Dade County, Florida; that the plaintiff WILLIAM F. MAH, at all times material to this cause of action was the owner of Joe’s Grocery & Market located at 1399 Northwest 61st Street, Miami, Dade County, Florida; that HERBERT BRAMEISTER and MARILYN EDELBLUM, at all times material to this cause of action were the owners of Bra-meister’s Liberty City Department Store at 1460 Northwest 62nd Street, Miami, Dade County, Florida; that the plaintiff, SAMPSON’S MARKET, INC., is a corporation organized and existing under the laws of the State of Florida and doing business at 1460 Northwest 62nd Street, Miami, Dade County, Florida; that the plaintiff, THE SHELLY CORPORATION, is a corporation organized and existing under the laws of the State of Florida and at all times material to this cause of action was doing business as Bon Marche Cleaner’s located at 1342 Northwest 62nd Street, Miami, Dade County, Florida; that the defendant, CITY OF MIAMI, is a municipal corporation, organized and existing under the laws of the State of Florida; that the defendant, DADE COUNTY, is a political subdivision of the State of Florida, that the defendants maintain and operate police departments for the purpose of maintaining law and order within their respective territorial limits, enforcing all applicable laws and protecting life and property within their respective territorial limits.
“2. That on or about August 7, 1968, and prior thereto, the defendant, CITY OF MIAMI, knew or should have known that a large rally was scheduled to take place on Wednesday, August 7, 1968, from 1:00 p. m. until 1:00 a. m., August 8, 1968, in the immediate vicinity of the plaintiffs’ businesses, at 1675 Northwest 62nd Street, Miami, Dade County, Florida; that on or about August 7, 1968 in the early afternoon hours a gathering did, in fact, take place.
“3. That at the above time and place the defendant, CITY OF MIAMI, through the knowledge of its police officers in the vicinity of said rally and in the vicinity of the plaintiff’s businesses, knew or should have known that many of the individuals in said area displayed an intention to break into businesses in said area, including the plaintiffs’ businesses.
“4. That plaintiffs made many and repeated requests to the defendants’ police departments for protection of their businesses.
*661 “5. That on the afternoon and in early evening of August 7, 1968, numerous police officers of defendants undertook to patrol the area of plaintiffs’ businesses and surrounding areas to maintain law and order and prevent breaking and entering of businesses in said area, including plaintiffs’ businesses.
“6. That thereafter, in the evening of August 7, 1968, all of said police protection and negligently and carelessly removed from said area by the direct command of the mayor of the defendant-city; that the same was done notwithstanding the specific undertaking on the part of said police officers as heretofore alleged; that the same was done with knowledge that the affect of abandoning police protection of plaintiffs’ businesses would mean immediate loss of their goods and fixtures and damages to their businesses; that thereafter the plaintiffs continued to request police protection of their businesses and the same was refused by the defendant-city.
“7. That thereafter, the defendant, DADE COUNTY, a political subdivision of the State of Florida, acting by and through the Sheriff of said county, issued a further order to the police department of the defendant city to remain outside of the area within which were located the plaintiffs’ businesses; that said order was without lawful authority; that in the alternative, it was negligently and carelessly undertaken and issued in direct violation of the authority of the defendant-city and the plaintiffs’ right to adequate police protection; that said order further denied to plaintiffs any police protection for their businesses.
“8. That during the time that no police protection was afforded to the plaintiffs’ businesses, persons unknown to the plaintiffs did serious damage by removing the goods and fixtures and damaging the premises; that the defendant-city was notified of and had actual knowledge of these events while they were happening but took no action to prevent them.
“9. That effective police protection of the plaintiffs’ businesses was not reestablished until the plaintiffs’ businesses were destroyed.
“10. That the damages to the plaintiffs’ businesses, from loss of goods and fixtures and damage to the premises, exceeds in the aggregate One Hundred Thousand Dollars ($100,000.00).
“11. That the plaintiffs have served written notice of the claim upon the defendants as required by law.
“WHEREFORE, the plaintiffs, sue the defendants and demand judgment for damages in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.”
ifc if* ‡ :jj %
The order of dismissal with prejudice, error of which is complained in this court, reads in part as follows:
* * * * *
“1. That the defendant, CITY OF MIAMI’S, Motion to Dismiss be and the same is hereby granted it being this Court’s opinion that no cause of action exists for the incidents complained of herein and that under no set of facts or theory of law would the plaintiffs be entitled to proceed because of the incidents complained of herein.”
The events out of which the incidents described in the complaint arose occurred during the period of time the Republican National Convention was meeting in Miami Beach, Dade County, Florida, in August of 1968. The incidents of violence described in the complaint were but a part of a general pattern of civil disobedience, riot and/or disregard for the peace and dignity in the general area surrounding the plaintiffs’ businesses.[1]
*662 At common law, a governmental unit had no responsibility for damage inflicted upon its citizens or property therein as a result of a riot or unlawful assembly. Roy v. Hampton, 108 N.H. 51, 226 A.2d 870, 26 A.L.R.3d 1192; 68 Columbia Law Review 65. The common law in Florida has not been abrogated by any statute.[2] To the contrary, although it is not controlling in this case, it is noted that the Legislature of this State has enacted Ch. 69-140 at its recent session, which is an act relaxing the doctrine of sovereign immunity as to the State and its agencies but which, by its terms, clearly indicates that there was no intention to create liability occasioned by riots. Counsel for the appellant relies heavily on Hargrove v. Town of Cocoa Beach, Fla.1957, 96 So.2d 130, 60 A.L.R.2d 1193, and its successors regarding the liability of municipality for isolated torts, which the Florida courts in recent years have found to be actionable. An examination of these authorities does not convince us that they stand for the proposition that a governmental unit, in providing law enforcement protection, is to be held liable for any acts of damage to property or injuries to persons that may be occasioned during an outbreak of civil unrest or riot. The order of the trial court should be affirmed, and the reasoning found in the opinion of this court in Steinhardt v. Town of North Bay Village, Fla.App.1961, 132 So.2d 764, in holding that a municipality was not liable for damages occasioned by the negligent performance of its fire department, should be analogous to the situation at bar. In said opinion, the following is found:
******
“If we look for reasons rather than reasoning in the cases denying municipal liability for loss occasioned by the failure to extinguish fires, we will find reasons enough. The most influential of these is the thought that a conflagration might cause losses, the payment of which would bankrupt the community. Closely allie,d with this fear is the realization that the crushing burden of extensive losses can better be distributed through the medium of private insurance.”
******
We recognize that this is not an isolated case in this day and age, although it is the first case in this State that has been called to our attention. It is therefore our intention to certify this opinion to the Supreme Court of Florida as being one that passes on a question of great public interest.
Therefore, the final order of dismissal with prejudice is hereby affirmed.
Affirmed.

. Tlie fact of the civil disobedience, riot and disrespect for law and order does not appear in the record, but this court is entitled to take judicial notice of these events. State v. Chandler, 98 N.J.Super. 241, 236 A.2d 632; Connett v. United Hatters of North America, 76 N.J.Eq. 202, 74 A. 188.

. In this connection, see: A & B Auto Stores of Jones Street, Inc. v. City of Newark, 103 N.J.Super. 559, 248 A.2d 258; 26 A.L.R.3d 1207; 50 Cornell Law Quarterly 699; 81 Harvard Law Review 653.