247 So.2d 23 (1971)
Matthew M. HENDERSON, Appellant,
v.
CITY OF ST. PETERSBURG, Appellee.
No. 70-626.
District Court of Appeal of Florida, Second District.
April 7, 1971.
Rehearing Denied May 7, 1971.
*24 Daniel B. Schuh, of Schuh, Schuh & Woodard, St. Petersburg, for appellant.
Carl R. Linn, Asst. City Atty., St. Petersburg, for appellee.
PIERCE, Chief Judge.
Matthew M. Henderson, plaintiff below, seeks review of an order dismissing his amended complaint with leave to amend. He elected to stand on his amended complaint and appealed after the time for amending had expired.
After Henderson's original complaint had been dismissed, he filed his amended complaint, alleging, inter alia:
"2. That on or about May 9, 1969, the plaintiff came to the City of St. Petersburg, Florida, for the purpose of making business deliveries, which he has done on prior occasions and because of prior criminal attacks made on him in the above city, during the process of his work as alleged above, the plaintiff went to the Police Department of the defendant City, and by specific arrangements with the officers, agents and employees of the defendant City acting within the scope of their employment, created a privity for specific police protection while he was making his deliveries in a very dark and secluded part of the town, namely at the United Produce Company, 1830 33rd Avenue South, St. Petersburg, Florida.
3. Pursuant to the instructions given to him as a result of this direct contact between the City's agents in the course of their employment and the plaintiff, the plaintiff proceeded to the above said address where he was assured officers would be there to protect him. When the plaintiff arrived at the above address, he was accosted by unknown assailants, who shot him, causing him serious and permanent injury, pain and suffering, requiring him to undergo medical care and treatment, and causing him to suffer permanent injury which reduced his earning capacity and caused him to lose time from his work, all of which injuries and losses are permanent and are continuing in the future.
4. That the aforesaid injuries and losses to the plaintiff were the result of the carelessness and negligence of the defendant City, through it's Police Department, officers and agents, in failing to properly protect the plaintiff as they had specifically undertaken through the direct contact between the City's agents and plaintiff, and upon which he had relied, to the extent that the `special duty' created by such specific relationship and dealing was not performed but was negligently breached."
The lower Court was of the opinion that the theories of action as set out in the complaint fall within an area of remaining municipal immunity, and that a city is not liable for failure to provide special police *25 protection under the principles of law set out in Steinhardt v. Town of North Bay Village, Fla.App. 1961, 132 So.2d 764; Wong v. City of Miami, Fla.App. 1969, 229 So.2d 659; and Riss v. City of New York, Ct.App. 1968, 22 N.Y.2d 579, 293 N.Y.S.2d 897, 240 N.E.2d 860. Since the trial Court's order dismissing the amended complaint the Supreme Court has affirmed Wong v. City of Miami, supra, holding that the City was immune on the grounds of executive discretion, Fla. 1970, 237 So.2d 132.
Henderson contends that his complaint alleges the negligence of a municipal employee in a direct transaction with appellant, relying on City of Tampa v. Davis, Fla.App. 1969, 226 So.2d 450. But the complaint reveals that he is not complaining of the actions of the municipal employee, the desk sergeant, but of the failure of the City to timely provide police protection, a city service. Henderson attempts to distinguish this case from Steinhardt and Wong because of the direct agreement to furnish protection in the case sub judice. It will be noted, however, that in Steinhardt the municipal corporation dispatched its agents to the fire pursuant to a call; and in Wong it was alleged that the merchants who were the petitioners requested increased police protection, and that by stationing officers at the request of the petitioners, the respondent City took upon itself a specific obligation to exercise due care. A further attempt is made to distinguish Riss from the case sub judice in that in Riss the police refused to protect Miss Riss, whereas here the police promised protection to Henderson.
The general rule is that neither a municipality or its employees is liable for failure to supply general police protection, even though our Courts have held municipalities liable for affirmative negligence or intentional torts committed by their police officers or employees, Hargrove v. Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193; City of Miami v. Simpson, Fla. 1965, 172 So.2d 435. Exceptions to this rule have been made, however, where the municipalities were under a special duty to a particular individual who was threatened by third parties after he had supplied the police with information that led to the arrest of a notorious criminal, Schuster v. City of New York, Ct.App. 1958, 5 N.Y.2d 75, 180 N.Y.S.2d 265, 154 N.E.2d 534, or who was attacked when he was called to the scene of the arrest by the police to make identification of the assailants, Gardner v. Village of Chicago Ridge, 1966, 71 Ill. App.2d 373, 219 N.E.2d 147. See also Hargrove, supra, where the City owed Hargrove, as their prisoner, a "special duty" different from that owed the public generally. 18 McQuillin Mun.Corp., 3rd Ed.Revised, § 53.51. Compare Huey v. Town of Cicero, 1969, 41 Ill.2d 361, 243 N.E.2d 214.
We do not think the amended complaint sets forth a sufficient basis for departure from the general rule. It does not allege any causal connection between the alleged negligence of the City and the injuries, or that the presence of the police officers would have prevented the injuries, and it does not show that the City owed Henderson a "special duty." It is out opinion that the lower Court properly dismissed the amended complaint.
The final order of dismissal is, therefore,
Affirmed.
LILES and McNULTY, JJ., concur.