## Fedullo v. Southeastern Pennsylvania Transportation Authority

*J. Vincent Ziccarda*, for plaintiffs.
*Steven Vosbikian*, for defendant.

HARRIS, *J.*, November 9, 1979—This matter comes before this court on consideration of the pre-

liminary objections of defendant, City of Philadelphia, a municipal corporation (hereinafter City) in the nature of a demurrer. The court, in support of its decision to overrule defendant City's objections, makes the following:

## I. FINDINGS OF FACT

On March 2, 1979, an action for trespass was commenced by plaintiffs, Rochelle Fedullo and her husband, William Fedullo, against Southeastern Pennsylvania Transportation Authority (hereinafter SEPTA) and the City of Philadelphia. In the complaint, it is alleged that both SEPTA and the City of Philadelphia are co-owners of the subterranean facility known as the Broad Street Subway system. It is further alleged that on December 1, 1977, between the hours of 7:00 a.m. and 7:30 a.m., Rochelle Fedullo was a passenger for hire on the Broad Street Subway system at the Broad and Pattison Concourse Station. There was no security guard or security system provided at the Broad and Pattison Subway Concourse station and platform. After the plaintiff-wife, Mrs. Fedullo, paid her fare, she boarded a waiting train operated by said defendants. While awaiting the train's departure, plaintiff-wife was savagely attacked by unknown assailants causing her to sustain severe personal injuries and to suffer severe emotional distress. As a result of the aforementioned injuries, both plaintiffs have suffered various losses and have incurred expenses. On May 7, 1979, the City filed preliminary objections to plaintiffs' complaint in the form of a demurrer pursuant to Pa.R.C.P. 1017(B)(4) alleging that the complaint failed to state a cause of action against it.

## II.  DISCUSSION

Pennsylvania Rule of Civil Procedure 1017(B)(4) invoked by defendant City provides that preliminary objections can be in the nature of a demurrer. The effect of a demurrer is that even if the facts set forth are true, they do not constitute a legal claim or defense to a claim: Byers v. Ward, 368 Pa. 416, 84 A. 2d 307 (1951). In order for this court to sustain defendant City's preliminary objections in the nature of a demurrer, it must appear with certainty that there is no theory under which the law will permit recovery by plaintiffs: Schott v. Westinghouse Electric Corp., 436 Pa. 279, 259 A. 2d 443 (1969); International Union of Operating Engineers v. Linesville Construction Co., 457 Pa. 220, 322 A. 2d 353 (1974).

Prior to the decision in Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973), abolishing governmental immunity for municipalities, the Pennsylvania Supreme Court held that no tort liability arose for injuries from street crime because of a municipality's failure to provide adequate police protection: Brogan v. Philadelphia, 346 Pa. 208, 29 A. 2d 671 (1943). The decision was based on the ground that municipalities were entitled to governmental immunity when performing a governmental function. Since Ayala, however, the Supreme Court has not squarely considered the question of the tort liability of municipalities for failure to provide adequate police protection. Defendant City, however, cites lower court cases from this Commonwealth and cases from the courts of sister states for the proposition that as a matter of law neither a municipality nor its employes have an absolute duty to provide general police protection: Bryant v. Southeastern

Pennsylvania Transportation Authority, June Term, 1975, No. 137; Reiff v. City of Philadelphia, C. P. April Term, 1976, No. 4591, aff'd Superior Court, October Term, 1977, No. 1623; Henderson v. City of St. Petersburg, 247 So. 2d 23 (Sup. Ct. Fla. 1971); Huey v. Town of Cicero, 41 Ill. 2d 361, 243 N.E. 2d 214 (Sup. Ct. Ill. 1968). Exceptions to this well-settled principle have been found only when the municipality was under a special duty to a particular individual or class of individuals: Bass v. City of New York, 330 N.Y. S. 2d 569 (1972); Amato v. City of New York, 268 F. Supp. 705 (S.D. N.Y. 1967).

Defendant City argues that there is nothing in the instant case to indicate that plaintiffs herein enjoyed any special or privileged relationship vis-a-vis the City of Philadelphia other than the duty which was owed to them as members of the general public. However, the parameters of the special duty exception to the general rule have never been conclusively determined by those courts adhering to that rule. If we assume that the Supreme Court of Pennsylvania would also subscribe to the general proposition, it is this court's position that plaintiff, Mrs. Fedullo, was not just an ordinary member of the public walking down the streets of Philadelphia when she was brutally attacked the morning of December 1, 1977. Rather, by utilizing the subway system, she entered into a special relationship with both SEPTA and the City—a relationship which Mrs. Fedullo did not hold in common with the general public but which arose from an invitation tendered and accepted: Shick v. SEPTA and the City of Philadelphia, 1 Phila. Interloc. Civil Opin. 299, 304 (1977). That both SEPTA and the City encourage the public to use the public transportation is incontrovertible. Mrs. Fedullo was one of those individu-

als who used the subway system at the expressed or implied invitation of the City and SEPTA and was, therefore, a business invitee. As joint owners of the subterranean facilities, both owners, in this court's view, owed a duty of care to Mrs. Fedullo. The Restatement, 2d, Torts, §344, provides that:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for *physical harm caused by the accidental, negligent or intentionally harmful acts* of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it." (Emphasis supplied.)

It becomes a question of fact whether under the circumstances, defendant City knew or should have known that such acts as those perpetrated against Mrs. Fedullo were likely to occur and have in fact occurred at the Broad and Pattison Station particularly in the early morning hours where there are few individuals on the trains, platforms or concourse. It also becomes a question of fact whether defendant City failed to exercise due care in not providing a security system for patrons using the subways during off-peak hours.

Thus, contrary to defendant City's assertion, it is not clear that plaintiffs' complaint fails to state a cause of action against it. It has been held that where doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of over-

ruling it: Clevenstein v. Rizzuto, 439 Pa. 397, 266 A. 2d 623 (1970). Such is the case at bar.

Finally, contrary to defendant City's assertion, this court is not fashioning a new remedy in tort by overruling its preliminary objections. Until the Supreme Court of Pennsylvania deems prudent to rule otherwise, we are guided by the general principle adhered to by the lower courts of this Commonwealth and the courts of other jurisdictions that municipalities are not liable for failure to provide general police protection. However, this court cannot say as a matter of law that the City under the circumstances owed no duty to Mrs. Fedullo, a business-invitee, under the special duty exception to the rule. For these reasons, defendant City's preliminary objections in the nature of a demurrer are overruled.

## III. CONCLUSIONS OF LAW

1. Plaintiff, Rochelle Fedullo, was a business-invitee to whom a duty of care was owed by SEPTA and defendant City of Philadelphia, as joint owners of the subway system.

2. The complaint does state a cause of action against defendant City of Philadelphia.

## ORDER

And now, November 9, 1979, upon consideration of the pleadings and memoranda of law filed in this matter, it is hereby ordered and decreed that defendant City of Philadelphia's preliminary objections in the nature of a demurrer be dismissed.