481 So.2d 506 (1985)
CITY OF ORLANDO, Appellant,
v.
Ralph N. KAZARIAN, Appellee.
No. 85-296.
District Court of Appeal of Florida, Fifth District.
December 19, 1985.
Rehearing Denied January 15, 1986.
Ernest H. Eubanks and Steven F. Lengauer, of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for appellant.
Terry C. Young, of Giles, Hedrick & Robinson, P.A., Orlando, for appellee.
*507 SHARP, Judge.
The City of Orlando appeals from a final judgment based on a jury verdict finding appellant negligent in its investigation and handling of a dispute and fight with a neighbor. The jury responded to a special verdict form in which it held for Kazarian on the negligence count, found against Kazarian on the malicious prosecution count, and was unable to agree on the civil rights violation count.[1] We reverse.
The record in this case fails to establish that the City owed Kazarian a special or extraordinary duty of care to prevent the neighbor's attack, which occurred approximately one month after the initial altercation, as was established in Schuster v. City of New York, 5 N.Y.2d 75, 154 N.E.2d 534, 180 N.Y.S.2d 265 (1958). Rather, the facts in this case demonstrate at most negligence and malfeasance in the City's police officers' investigations of the first disturbance, their pressing the wrong charges against Kazarian, and later not adequately remedying the handling of the case when asked to do so. In our view, Everton v. Willard, 468 So.2d 936 (Fla. 1985) and Wong v. City of Miami, 237 So.2d 132 (Fla. 1970) are controlling. They bar recovery on a negligence theory. See also Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985).
REVERSED.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] Title 42 U.S.C. § 1983 (1979).