## TOLER v HUGHES, et al.
### Case No. 83-1034-CA
Nineteenth Judicial Circuit, Martin County
January 30, 1986

### APPEARANCES OF COUNSEL

David Walker for plaintiff.

John W. Costigan and Keith C. Tischler for defendant.

James Littman for the Sheriff's Department.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

This is Toler vs. Gary Hughes and James Holt as Sheriff of Martin County, Case 83 1034 CA, Motion for Partial Summary Judgment with regard to James Holt as Sheriff of Martin County. After considering the authorities cited and memorandums of law submitted by both parties, the Court reaches the following conclusions:

The Plaintiff alleges a cause of action against Sheriff Holt for negligent hiring, negligent investigation and negligence retention, supervision and control of the Defendant Hughes, who was at all times pertinent to this cause, a Deputy Sheriff of Martin County.

I have specifically considered the case of *Commercial Carrier vs. Indian River Company,* found at 381 So.2d 1010 in deciding this case.

Defendant Holt, as Sheriff of Martin County, asserts a defense of sovereign immunity. The Court in *Indian River* engaged in extended discussion of the origin and purpose of the doctrine of sovereign immunity, as well as the impact upon that doctrine of Florida Statute 768.28.

The Supreme Court in *Indian River* relied on the following authorities; *Weiss vs. Foote,* found at 167 N.E. 2d 63; *United Bretheren vs. State,* found at 407 P.2d 440 and *Harris v. State,* found at 358 N.E. 2d 639 and *Juan v. City of Miami,* found at 237 So.2d 132.

In reaching the conclusion that governmental officials are not liable for discretionary actions undertaken in a performance of their duties the Court articulated a four part test to guide Trial Courts in determining whether or not actions undertaken are in fact discretionary.

The Court further indicated that the test enunciated in *Commercial Carrier* required a delicate decision making process on a case by case basis. The Court in *Indian River* voiced a deep concern with regard to the constitutional propriety or competence of judicial authorities reexamining discretionary acts of governmental officials. The Court noted that the separation of powers doctrine is inextricably intertwined in cases in which the discretionary actions of Executive Branch officials are sought to be the subjects of tort liability.

The first criterion in the test enunciated is whether the challenged act, omission or decision necessarily involved a basic governmental policy, program or objective. I am of the opinion that based on the undisputed facts in this case, the decision to hire a Deputy Sheriff involves a basic governmental policy program or objective; that is law enforcement.

As to the second criterion, is the questioned act, omission or decision essential to the realization or accomplishment of that policy or project on the undisputed facts in this case, that decision, to hire or not to hire a Deputy is certainly an essential decision.

The third standard; does the act, omission or decision require the exercise of basic policy evaluation, judgment or expertise on the part of the governmental agency involved. The Court again is of the opinion that is also present in this case.

The fourth criterion, does the governmental agency involved possess the requisite constitutional, statutory or lawful authority to make the

**53**

challenge, act, omission or decision. Certainly the Sheriff does have that authority.

I find most persuasive the case of *Everton vs. Willard,* a Supreme Court case found at 467 So. 2d 936. At issue in *Everton* was the discretionary act of a law enforcement officer to arrest or not to arrest a person suspected of driving under the influence of alcohol.

In the Supreme Court's own language it held immune from judicial review as a basic judgmental or discretionary act a decision to arrest. This immunity applied if the decision was made by an officer on the street, by his lieutenant, sergeant, captain, or in the Supreme Court's own words, the Sheriff or Chief of Police.

The Court was strongly of the opinion that proper planning of law enforcement was a discretionary act of a governmental entity that necessarily included wide discretion in its fulfillment.

The Supreme Court was also of the opinion that there was no common law duty present in the exercise of these discretionary functions considered basic to the police power.

The Sheriff of Martin County is a constitutional officer pursuant to Article 8, Section 1(d) of the Florida Constitution, and is historically viewed as a conservator of the peace within the county. He is an executive officer of the courts and under Florida Statutes 30.49(1) is allowed broad authority in the preparation of budget. He enjoys under Florida Statute 30.07 absolute control over the selection or retention of personnel, as recognized further in the case of *Sizell vs. LaMarr,* 14 So.2d 676. The decision to hire or not to hire is vested completely in the Sheriff.

Applying the foregoing criteria to the facts at issue, the activity in question law enforcement, involves a basic governmental function. The decision to hire or fire is essential to realization of the object and program of the Sheriff as conservator of the peace within Martin County, indeed it is essential to the performance of his constitutional duties.

The decision to hire or retain, supervise or discipline is a decision based on a multitude of factors, including but not limited to budget resources, available personnel, salary availability, training and the pool of applicants available to the Sheriff in making the hiring decision. It involves, therefore, a basic policy decision.

Under the authority cited and the applicable case law, I am of the opinion that these actions are discretionary and, therefore, the Sheriff of Martin County is immune from suit for the exercise of the discretion

entrusted to him by the law with regard to Count II. I am, therefore, of the opinion for the reasons indicated in this decision that the motion for Summary Judgment should be and is hereby GRANTED.